# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTOPHER BURCH,

        Plaintiff-Appellee,

v

DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

        Defendant-Appellant.

UNPUBLISHED
December 6, 2018

No. 340884
Bay Circuit Court
LC No. 17-003335-AA

---

DAVID BURCH,

        Plaintiff-Appellee,

v

DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

        Defendant-Appellant.

No. 340888
Bay Circuit Court
LC No. 17-003336-AA

---

Before: METER, P.J., and K. F. KELLY and GLEICHER, JJ.

PER CURIAM.

Defendant, the Michigan Department of Health and Human Services, appeals by leave granted the order[1] reversing defendant's determination to deny Title IV-E[2] foster-care funding for plaintiffs, minors Christopher and David Burch. We affirm.

These dispositions of these appeals are wholly controlled by this Court's recent decision in *Ayotte v Department of Health & Human Serv's*, ___ Mich App ___; ___ NW2d ___ (2018)

---

[1] The court issued one consolidated order for both children, who had filed separate actions.

[2] See 42 US 670 *et seq*.

(Docket No. 339090). The children were taken into custody for delinquency purposes on September 5, 2016, pursuant to an "Order to Apprehend and Detain" that did not contain language indicating that it was contrary to the welfare of the children to remain in their home.[3] Later, after defendant investigated and learned that the children's mother was unable to take the children back home following their detention, defendant filed a petition to begin child-protection proceedings. A contrary-to-the-welfare determination was made in an October 11, 2016, "Order After Preliminary Hearing" in the child-protection case. The question is whether Title IV-E foster-care funding is available even though the Order to Apprehend and Detain did not contain contrary-to-the-welfare language. See *id*. at ___; slip op at 2 (discussing the significance of this language). *Ayotte* mandates that such funding is in fact available because the October 11, 2016, order, and not the Order to Apprehend and Detain, was the first order pertaining the children's removal *into foster care*. See *id*. at ___; slip op at 7. It is this event (removal *into foster care*) that requires a contrary-to-the-welfare finding if Title IV-E foster-care funding is to be available. *Id*. The trial court properly concluded that the October 11, 2016, order contained the necessary language and that Title IV-E foster-care funding was available for each child.

Affirmed.

/s/ Patrick M. Meter
/s/ Kirsten Frank Kelly
/s/ Elizabeth L. Gleicher

---

[3] FOM 902 of the State of Michigan's Children's Foster Care Manual states that "[f]ederal regulations require the court to make a contrary to the welfare or best interest determination **in the first signed court order prior to removing the child from his/her home** for title IV eligibility."